■  CARMEN CAGGIANO et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 38465.) — Judgment unanimously reversed on the law and facts, with costs to claimants and a new trial granted. Memorandum: The court below in awarding $22,000 for the fee taking of .088 acres and for the taking of a temporary easement and a perpetual easement over .112 acres, did not make any separate findings as to the amount allowed for the direct takings or as to the amount allowed for consequential damages. The award being $12,000 more than the amount claimed for direct damages, it is apparent that it was based in part upon an erroneous assumption that the appropriation of the perpetual easement, taken across the entire 233-foot highway frontage of claimants' property to a depth of 24 feet, left claimants' remaining lands without access to the highway. The State appropriated: " A perpetual easement for the purpose of constructing and maintaining embankments  *  *  *  for the elimination of the existing highway-railroad crossings ". After the appropriation, claimants owned the fee, free to make any use of the land that would not interfere with the easement. (3 Powell, Real Property, pp. 387, 388, 471, 472; 17A Am. Jur., Easements, § 121; Restatement, Property, § 486.) The land abuts on an unlimited access highway. Claimants have the legal right to cross the easement land to and from the highway. (*Griefer* v. *County of Sullivan*, 246 App. Div. 385; *Dormann* v. *State of New York*, 4 A D 2d 979.) Such access might be impaired, however, if the State constructed embankments in such a manner as to render any crossing to the highway physically difficult or impossible. The fact that the construction has been completed and that no such embankments were constructed indicates that no interference with claimants' access to the highway was intended and that the easement should be so construed. Upon the new trial, evidence may be adduced of plans for construction of the crossing elimination, the general purpose and policy intended to be promoted and the necessity to be supplied, and in the light of such evidence the court should construe the appropriation of the perpetual easement (*Jafco Realty Co.* v. *State of New York*, 18 A D 2d 74), and then decide whether the easement contemplated any interference with claimants'

access to the highway and determine the direct and consequential damages sustained by claimants. Separate findings should be made as to the amount awarded for each of the direct takings and for the amount allowed as consequential damages setting forth the basis or theory for such allowance (see *Wineburgh* v. *State of New York*, 20 A D 2d 961). (Appeal from judgment of Court of Claims for claimants on a claim for damages for temporary and permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.