■ CHC Food Service, Inc., Respondent, v Gordan Ambach, as Commissioner of Education of the State of New York, et al., Appellants. (Proceeding No. 1.) Food Service Dynamics, Inc., Respondent, v Gordan Ambach, as Commissioner of Education of the State of New York, et al., Appellants. (Proceeding No. 2.) Food Service Dynamics, Inc., Respondent, v Gordon Ambach, as Commissioner of Education of the State of New York, et al, Appellants. (Proceeding No. 3.) Food Service Dynamics, Inc., Respondent, v Gordan Ambach, as Commissioner of Education of the State of New York, et al., Appellants. (Proceeding No. 4.)—In proceedings by judgment creditors to compel the turnover of moneys owed to the judgment debtors, the appeals are from four judgments (one in each proceeding) of the Supreme Court, Kings County, all dated April 21, 1978, which, *inter alia,* directed the turnover of specified sums. Judgments reversed, on the law, with one bill of $50 costs and disbursements, and proceedings dismissed. The Summer Food Service Program for Children under which the petitioners' claims have arisen, is a Federal program, conducted pursuant to Federal statutes and regulations, and maintained solely by Federal funds. The State Education Department's role in this program is that of an agent. It administers the program. Here, the agent was directed by its principal, pursuant to statutory authority, to withhold funds from the judgment debtors. Under these circumstances, a turnover proceeding seeking to recover those funds from the agent should not have been brought without attempting to join the principal, the United States Department of Agriculture. Complete relief cannot be accorded without its participation. Since the Department of Agriculture cannot be joined without its consent, and since the petitioners have not sought to obtain it, the proceedings must be dismissed. The petitioners have an effective remedy in the Federal courts. Titone, J. P., Gulotta and Martuscello, JJ., concur.

Suozzi, J., dissents and votes to affirm the judgments on the opinions of Mr. Justice Cooper at Special Term, and with the following additional memorandum: In holding that Special Term erred in its determination, the majority is of the view that the United States Department of Agriculture, which ordered the State to stop payments until it completed its own investigation, was a necessary party without whose participation complete relief could not be accorded (see CPLR 1001, subd [a]). An examination of the record and the relevant Federal statute and regulations (US Code, tit 42,

§ 1761; 7 CFR Part 225) indicates that during the year 1976, the Summer Food Service Program for Children was operated and administered solely by the State of New York Education Department and that the latter had the ultimate responsibility for investigating and determining the validity of the various claims submitted by the sponsors and vendors who participated in this program. Under these circumstances, the Federal Government had the right to administer the program and dispense funds only if it found that the State was (1) "unable for any reason to disburse the funds" or (2) could not "operate the program in accordance with the requirements" of the Federal statute (see US Code, tit 42, § 1761, subd [i]). It is undisputed that the State operated the program throughout 1976 in accordance with accepted procedures. In the case at bar, the New York State Education Department determined, after conducting its own investigation, that three of the sponsors (who were debtors of the petitioners herein) were due funds over and above those already advanced, and in its answers, admitted that it had a fund or moneys which could be used to satisfy these claims. Under these circumstances, the United States Department of Agriculture was not a necessary party to these proceedings, and the judgments directing turnover of the funds were proper. Even assuming, *arguendo,* that the United States Department of Agriculture was a necessary party to these proceedings, Special Term's direction to the State to turn over the funds to petitioners would still be proper. Jurisdiction over the United States Department of Agriculture could only be obtained by its consent or voluntary appearance and it failed to avail itself of the opportunity to voluntarily appear and defend its position. Moreover, and of even greater significance, as Special Term correctly noted, was the fact that the Federal Government's "shameful * * * delay in withholding * * * approval of reimbursement to service institutions of funds that a State agency on proper review * * * found to be due the service institution" had the potential impact of placing the financial solvency and continued existence of petitioners in jeopardy. CPLR 1001 (subd [b]) provides that if jurisdiction over one who should be joined as a party "can be obtained only by his consent or appearance, the court, when justice requires, may allow the action to proceed without his being made a party". Under the circumstances at bar, simple justice required that petitioners be permitted to have their day in court, even in the absence of the United States Department of Agriculture and Special Term was correct in so holding.