■ ROBERT STAUBER et al., Respondents, v BROOKHAVEN NATIONAL LABORATORY et al., Appellants, et al., Defendant. [683 NYS2d 569] —In an action, *inter alia*, to recover damages for age discrimination, the defendants Brookhaven National Laboratory and Associated Universities, Inc., appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 16, 1997, which denied their motion to dismiss the complaint for lack of subject matter jurisdiction, and granted the plaintiffs' cross motion for leave to amend the complaint to delete allegations that the appellants were agents of the United States Department of Energy.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

In their original complaint, the plaintiffs alleged that the defendants Brookhaven National Laboratory and Associated Universities, Inc., are "the agents, servants, employees and representatives" of the United States Department of Energy, "duly authorized" by the United States Department of Energy to act in its behalf. In their motion to dismiss the complaint, the appellants contended that the United States Department of Energy was an indispensable party not subject to the jurisdiction of the New York State courts. The plaintiffs, in response, without any explanation of the jural relationship between the appellants and the United States Department of Energy, cross-moved for leave to amend their complaint to delete allegations that the appellants were agents of the United States Department of Energy. The Supreme Court granted the cross motion and denied the motion.

If a complaint is amended with leave of the court, any formal

judicial admission deleted by the amendment is relegated to the status of an informal judicial admission which, although not conclusive, constitutes evidence of the proposition alleged (*see, Bogoni v Friedlander,* 197 AD2d 281, 293). The allegations in the original complaint constituted unrefuted evidence that the appellants were acting as agents of the United States Department of Energy. Consequently, the motion to dismiss the action for lack of jurisdiction over an indispensable party should have been granted (*see, CHC Food Serv. v Ambach,* 48 NY2d 932, *affg* 68 AD2d 897; *Gleason v Temple Hill Assocs.,* 159 AD2d 682), and the cross motion for leave to amend the complaint should have been denied on the ground that the amendment was patently devoid of merit (*see, McKiernan v McKiernan,* 207 AD2d 825). Copertino, J. P., Joy, Krausman and Goldstein, JJ., concur.