■ ANTHONY MANCERI, Appellant, v MICHAEL M. BOWE et al., Respondents. [798 NYS2d 441]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated March 31, 2004, which granted the motion of the defendant Michael M. Bowe and the separate motion of the defendants Ted R. Niranjan and David Niranjan for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). Although an orthopedist's report submitted by the defendants Ted R. Niranjan and David Niranjan and adopted by the defendant Michael M. Bowe specified the degrees of the range of motion the orthopedist found in the plaintiff's cervical spine, the orthopedist failed to compare those findings to the normal range of motion, thereby leaving the court to speculate as to the meaning of those figures. Thus, the proof failed to objectively demonstrate that the plaintiff did not sustain a permanent consequential or significant limitation of use of his cervical spine as a result of the subject accident (*see Aronov v Leybovich,* 3 AD3d 511, 512 [2004]; *Claude v Clements,* 301 AD2d 554, 555 [2003]). Since the defendants failed to meet their initial burden of establishing a prima facie case, it becomes unnecessary to consider whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]).

Accordingly, the Supreme Court erred in granting the motion of the defendant Michael M. Bowe and the separate motion of the defendants Ted R. Niranjan and David Niranjan for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Krausman, J.P., Crane, Rivera and Fisher, JJ., concur.