■ ESTELLE POWELL, Respondent, v ZION O. ALADE et al., Defendants, and IBRAHIM N. TOURE et al., Appellants. [818 NYS2d 600]—

In an action to recover damages for personal injuries, the defendants Ibrahim N. Toure and Laura Rogers appeal, and the defendant Paul Thompson separately appeals, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated June 15, 2005, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly denied the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them on the issue of serious injury. In order to be entitled to summary judgment on the issue of serious injury, the moving parties, the defendants Ibrahim M. Toure, Laura Rogers, and Paul Thompson (hereinafter the defendants), were required to submit admissible medical evidence demonstrating that the degrees of range of motion with respect to various movements of the plaintiff's cervical and lumbar spine were not significantly limited in comparison to the normal range of motion one would expect of a healthy person of the same age, weight, and height (see Aronov v Leybovich, 3 AD3d 511, 512 [2004]). The affirmed report of the defendants' orthopedist, however, ambiguously asserted only that the plaintiff had "normal" extension, flexion, or rotation up to the extent indicated. By failing to compare the results that were reported to the normal range, the report leaves it to the court to speculate as to whether the range of extension, flexion, or rotation beyond that which was reported would have been abnormal because it could be accomplished only with pain and difficulty. Since the defendants failed to meet their initial burden of establishing a prima facie case, the sufficiency of the plaintiff's opposition papers need not be considered in connection with the defendants' motions (see Paulino v Dedios, 24 AD3d 741, 741-742 [2005]; Aronov v Leybovich, supra). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.