■ HENRY FREY, Appellant, v GHENADII FEDORCIUC et al., Respondents. [828 NYS2d 454]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated October 14, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). To establish their entitlement to summary judgment on the issue of serious injury the defendants were required to submit admissible medical evidence demonstrating that the plaintiff's range of motion in his cervical spine, lumbar spine, and left shoulder were not significantly limited in comparison to the normal range of motion one would expect of a healthy person of the same age, weight, and height (*see Powell v Alade*, 31 AD3d 523 [2006]). The defendants' examining neurologist noted in his report that the plaintiff had limitations in the range of motion of his cervical spine and lumbar spine. The defendants' examining orthopedic surgeon noted in his report that the plaintiff had limitations in the range of motion of his cervical spine and lumbar spine, as well as his left shoulder. Both experts concluded that the plaintiff was not disabled and that all of his injuries had resolved. They further concluded that while the plaintiff did show limitations during range of motion testing in various regions of his body, these limitations were due merely to his "age." Both experts failed to compare those findings to the normal range of motion of a person the plaintiff's age, thereby leaving the court to speculate as to the meaning of those figures (*see Powell v Alade, supra; Manceri v Bowe*, 19 AD3d 462 [2005]). Since the defendants failed to meet their initial burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's opposition papers was sufficient to raise a triable issue of fact (*see Powell v Alade, supra; Manceri v Bowe, supra; Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.