■ DIABATE DJETOUMANI, Respondent, et al., Plaintiffs, v TRANSIT, INC., et al., Appellants. [857 NYS2d 601]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings

County (Jacobson, J.), dated June 19, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Diabate Djetoumani against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established their entitlement to summary judgment dismissing the complaint insofar as asserted by the plaintiff Diabate Djetoumani by demonstrating through the reports of their examining physicians that Djetoumani did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, Djetoumani raised a triable issue of fact as to whether he sustained a serious injury on the basis of the affirmations of his treating and examining physicians demonstrating that he sustained, among other things, a torn rotator cuff as a result of the accident, and that those injuries resulted in a permanent consequential and/or a significant limitation of use of his right shoulder as a result of the subject accident. Although the initial physical examination by Djetoumani's treating physician did not reveal a limitation in the range of motion of his right shoulder, magnetic resonance imaging, performed two weeks later, demonstrated a rotator cuff tear, a tear of the anterior glenoid labrum, and a partial tear of the biceps tendon. Magnetic resonance imaging reports showing such tears are not evidence of serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injuries, and the duration of these tears does not, alone, establish a serious injury (*see Nannarone v Ott,* 41 AD3d 441, 442 [2007]; *Yakubov v CG Trans Corp.,* 30 AD3d 509, 510 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49 [2005]). Here, however, the requisite medical finding was provided by the affirmation and report of Louis Rose, Djetoumani's treating orthopedist, which set forth range-of-motion findings with respect to Djetoumani's right shoulder.

Contrary to the defendants' argument, the failure of Dr. Rose to compare his range-of-motion findings to the norm does not, on the record presented here, preclude a finding of a triable issue of fact. In general, in the absence of an assertion of the normal range of motion, an expert's finding as to the plaintiff's range of motion is insufficient to establish the significant or consequential limitation of use necessary to sustain a claim (*see Toure v Avis Rent A Car Sys.,* 98 NY2d at 353) because it

requires the court to speculate as to the meaning of the physical finding (*see Nociforo v Penna,* 42 AD3d 514, 515 [2007]; *Frey v Fedorciuc,* 36 AD3d 587, 588 [2007]; *Powell v Alade,* 31 AD3d 523 [2006]; *Manceri v Bowe,* 19 AD3d 462, 463 [2005]). Here, however, no such speculation is necessary because the applicable normal ranges of motion were set forth in the reports of the defendants' examining physicians that were submitted in support of the motion. A statement by an expert that is put forward by a party in litigation constitutes an informal judicial admission (*see Chock Full O'Nuts Corp. v NRP LLC I,* 47 AD3d 189 [2007]; *Matter of City of New York,* 73 AD2d 932, 933 [1980]), that is admissible against, although not binding upon, the party that submitted it (*see Matter of Union Indem. Ins. Co. of N.Y.,* 89 NY2d 94, 103 [1996]; *Stauber v Brookhaven Natl. Lab.,* 256 AD2d 570, 570-571 [1998]; Prince, Richardson on Evidence § 8-219, at 529-530 [Farrell 11th ed]; Fisch, New York Evidence § 803, at 475-476 [2d ed]). Thus, just as a nonmoving plaintiff in a serious injury case may rely upon the unsworn report of the plaintiff's treating physician once it has been submitted by the moving defendant (*see Raso v Statewide Auto Auction,* 262 AD2d 387, 387-388 [1999]; *Vignola v Varrichio,* 243 AD2d 464 [1997]; *Pagano v Kingsbury,* 182 AD2d 268, 271 [1992]), a nonmoving plaintiff may rely upon the statement by the moving defendant's expert of the applicable normal range of motion.

Finally, contrary to the defendants' contentions, there was no lengthy gap in Djetoumani's treatment (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Seecoomar v Ly,* 43 AD3d 900, 901 [2007]). Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.