■ JEANNE DIETRICH et al., Respondents, v PUFF CAB CORP. et al., Appellants. [881 NYS2d 463]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Martin, J.), dated April 28, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Jeanne Dietrich did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The plaintiff Jeanne Dietrich was driving westbound on 96th Street in Manhattan toward its intersection with Second Ave-

nue when she noticed a pedestrian lying in the crosswalk. She stopped her car and saw the defendant Alex Boakye Yiadow, a taxi driver, chasing his unoccupied taxicab, which was moving northbound in reverse on Second Avenue. Yiadow caught up with the taxicab, jumped into it, and steered it into the side of Dietrich's stopped car. Dietrich's car spun to the right from the impact, causing her to strike her head on the window.

The plaintiffs alleged that as a result of this accident, Dietrich sustained injuries both nonpermanent and permanent in nature, limiting her ability to perform her usual work, home care, and recreational activities. She received treatment, including traction, acupuncture, and stimulation which continued for more than two years following the accident.

Dr. Alla Mesh, a physician who performed a neurological examination of Dietrich on behalf of the defendants, reviewed a magnetic resonance imaging report of her cervical spine as well as the reports and notes of her examining and treating physicians. Dr. Mesh also measured Dietrich's range of motion in her lumbar and cervical spine and found that she performed within normal ranges, which were then set forth in his report. As a consequence, he concluded that Dietrich did not suffer permanent neurological injury from the accident.

The defendants, by the submission of the affirmed medical reports of their examining neurologist and radiologist, made a prima facie showing that Dietrich did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]).

In opposition, the plaintiffs raised a triable issue of fact by the submission of the reports of Dr. William Buchmann. Dr. Buchmann's reports demonstrated that Dietrich's range of motion in her cervical spine was significantly limited, when read in conjunction with the report of the defendants' expert, Dr. Mesh. Dr. Mesh's report had set forth the applicable normal ranges of motion against which Dr. Buchmann's findings could be compared. A statement by an expert that is put forward by a party in litigation constitutes an informal judicial admission (see Chock Full O'Nuts Corp. v NRP LLC I, 47 AD3d 189, 192 [2007]; Matter of City of New York, 73 AD2d 932, 933 [1980]) that is admissible against, although not binding upon, the party that submitted it. Thus, just as a nonmoving plaintiff in a serious injury case may rely upon the unsworn report of the plaintiff's treating physician once it has been submitted by the moving defendant (see Pagano v Kingsbury, 182 AD2d 268 [1992]), a nonmoving plaintiff may also rely upon the statement

by the moving defendant's expert of the normal range of motion (*see Djetoumani v Transit, Inc.*, 50 AD3d 944, 946 [2008]).

The defendants' remaining contentions are without merit. Spolzino, J.P., Covello, McCarthy and Belen, JJ., concur.