■ Changwoo Park et al., Plaintiffs, Hyun H. Cho, Appellant, and Ji Hye Lee, Appellant/Counterclaim Defendant, v C.S. Buondelmonte, Respondent/Counterclaim Plaintiff. [32 NYS3d 222]—

In an action to recover damages for personal injuries, the plaintiffs Hyun H. Cho and Ji Hye Lee appeal from an order of the Supreme Court, Nassau County (J. Murphy, J.), entered January 14, 2015, which granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by them on the ground that neither of them sustained a

serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Hyun H. Cho and Ji Hye Lee is denied.

The defendant met her prima facie burden of showing that the plaintiffs Hyun H. Cho and Ji Hye Lee (hereinafter together the appellants) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Hyun H. Cho's spine and the cervical region of Ji Hye Lee's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however, the appellants raised triable issues of fact as to whether Hyun H. Cho sustained serious injuries to the cervical and lumbar regions of his spine and whether Ji Hye Lee sustained a serious injury to the cervical region of her spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Dietrich v Puff Cab Corp.*, 63 AD3d 778, 779-780 [2009]; *Djetoumani v Transit, Inc.*, 50 AD3d 944, 945-946 [2008]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the appellants. Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.