| |
|:---:|
| **Matter of Kline** |
| 2025 NY Slip Op 31576(U) |
| April 28, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2022-4237 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------x

Administration Proceedings, Estate of

ENTERED

APR 2 8 2025

DATA ENTRY DEPT
New York County Surrogate's Court

GELA KLINE,

Deceased.

DECISION and ORDER
File No.: 2022-4237
            2022-4237/A

--------------------------------------------------------------------x

M E L L A, S.:

The court considered the following papers in deciding this motion for summary determination:

| Papers | Numbered |
|---|---|
| Notice of Motion for Summary Judgment, Affirmation of David I. Lieser, Esq., with Exhibits, and Memorandum of Law in Support of Petitioner Barie Kline's Motion for Summary Judgment | 1,2,3 |
| Memorandum of Law in Support of Respondents' Opposition to Petitioner's Motion for Summary Judgment, and Affirmation of Danielle Leventhal Elias, Esq., with Exhibits | 4,5 |
| Memorandum of Law in Further Support of Petitioner's Motion for Summary Judgment, and Affirmation of David I. Lieser, Esq., with Exhibits | 6,7 |

At the call of the January 14, 2025 calendar, the court heard oral argument and determined Petitioner Barie Kline's motion for summary judgment in which he seeks summary determination of his petition for his appointment as Administrator of his sister's estate and the denial of the cross-petition for the appointment of the fiduciaries of the estate of Allan Streit, decedent's post-deceased spouse, as Administrators. The court denied Mr. Kline's motion, as explained on the record, and memorialized here.

To prevail on his motion for summary judgment, Mr. Kline must show that he is entitled to letters of administration because he is, under the law, decedent's distributee (*see* EPTL 4-1.1,

SCPA 1001), notwithstanding the fact that decedent was survived by a spouse who, according to his death certificate, died or was found dead on April 6, 2022, 10 days after decedent's death. For Mr. Kline to be entitled to serve as Administrator of decedent's estate, the court must conclude first that decedent's spouse did not survive her by 120 hours as required by EPTL 2-1.6, for purposes of inheritance.

In support of his motion, Mr. Kline has offered evidence, in particular, the file of the medical examiner's office relating to Mr. Streit, which includes a report of the external examination of his body as well as pictures of his body taken by the medical examiner's office, both of which show the decomposed condition of the body the day after Mr. Streit was found dead on April 6, 2022. Movant has also offered Mr. Streit's cell phone records, showing very little data usage following decedent's death, and bank records tending to show that Mr. Streit's debit card was not used after decedent's death. Even though Mr. Streit's death certificate is prima facie evidence of the facts stated therein (*see* Public Health Law § 4103 [3]), including the date of death, such prima facie showing may be overcome with evidence that the death occurred on a different date (*see Fordham Coleman v National Fuel Gas Distrib Corp.*, 42 AD3d 106, 111 [4th Dept 2007]). Here, movant's proof overcomes the prima facie evidence on Mr. Streit's death certificate, and in particular, such proof establishes that the date listed as his date of death is not the date he actually died. In fact, in opposition to the motion, Cross-Petitioners appear to concede that April 6th was the date Mr. Streit was found dead, not the date that he actually died.

Nevertheless, movant has failed to make a prima facie showing of his entitlement to judgment as a matter of law because he has failed to tender "sufficient evidence to demonstrate the absence of any material issues of fact" from the case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986], citing *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). As

2

the Appellate Division, Second Department stated recently, "Courts cannot guess in matters of summary judgment" (*Snyder v AFCO Avports Management, LLC*, 232 AD3d 209, 216 [2d Dept 2024] [photographs did not allow court to determine triviality of alleged defect as a matter of law, and summary judgment could not be granted to defendant]). Whether an individual survived another is a question of fact (38 NY Jur 2d Decedent's Estates § 100), and it would be pure speculation for the court, on the record before it, to conclude that Mr. Streit survived or failed to survive the decedent by the requisite 120 hours and, as stated previously, a determination that he did not so survive for that period of time is necessary to grant movant the relief he seeks in his petition.

The record before the court is inconclusive at best as to whether Mr. Streit survived the decedent by 120 hours, and no expert opinion has been provided to explain the facts found in the medical examiner's report and photographic evidence. Without such explanation, and one that is reliable and in admissible form, the court would be required to speculate concerning Mr. Streit's actual date of death, something it cannot do in the context of this motion (*Djetoumani v Transit, Inc.*, 50 AD3d 944, 945-946 [2d Dept 2008][summary judgment denied when court was required to speculate]; *Proctor v ALCOA, Inc.*, 2015 NY Misc LEXIS 63, *7-8, 2015 NY Slip Op 30023[U] [Sup Ct, New York County] [same]).

Further, whether a movant for summary judgment has met his initial burden must be evaluated based on the moving papers alone and the adequacy of the opposition papers is irrelevant until the court has determined that such initial burden has been met (*Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d 29, 35-36 [2011] [Smith, J., concurring]). Here, movant's initial burden may not be discharged by merely pointing out to the court "that there is an absence

3

of evidence to support the nonmoving party's case," as Mr. Kline has attempted to do here (*Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d at 36 [Smith, J., concurring]).

This decision, together with a transcript of the January 14, 2025 proceedings, constitutes the order of the Court.

Clerk to notify.


Dated: April 28, 2025

_____
S U R R O G A T E

[* 4]