■   JOHN O'ROURKE, Respondent, v. MARY LUM et al., Appellants.— Order, entered on September 10, 1964, granting plaintiff's motion for a protective order vacating a notice of discovery and inspection, unanimously affirmed, with $30 costs and disbursements to respondent. (See *Glenmark, Inc.,* v. *Carity,* 22 A D 2d 680.) Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.

■   LOLA M. FREID, Respondent, v. JACOB R. FREID, Appellant.— Order, entered October 26, 1964, granting plaintiff wife's motion for temporary alimony and a counsel fee in a separation action, and order entered November 16, 1964, granting reargument but adhering to the decision on reargument, unanimously reversed, on the law and the facts, and in the exercise of discretion, with $30 costs and disbursements to abide the event, and the principal motion denied. The order granted plaintiff wife temporary alimony of $500 per week and a counsel fee of $5,000. It is undisputed that at all times defendant husband has continued to pay the $400 monthly rent and utilities for his wife and child and in addition has provided the wife with at least $250 per week. These arrangements appear to be adequate for the wife and child, especially since the wife makes no showing of needs in excess of these amounts. Instead, she belabors the issue as to the amount of the husband's income (see *Hearst* v. *Hearst,* 3 A D 2d 706, affd. 3 N Y 2d 967). Where such adequate provision is made voluntarily the wife is not entitled to temporary alimony under court order (e.g., *Shapiro* v. *Shapiro,* 8 A D 2d 341; *Friedman* v. *Friedman,* 5 A D 2d 864; *Kronenberg* v. *Kronenberg,* 10 A D 2d 987). Plaintiff may renew her application in the event defendant should fail to continue these voluntary payments (*Grossman* v. *Grossman,* 19 A D 2d 719). The wife does not dispute that she has assets out of which to pay a counsel fee and there are substantial issues in dispute on the merits of the case. The facts may be fully developed at the trial, at which time plaintiff may apply to the trial court for a reasonable counsel fee (*Reiss* v. *Reiss,* 18 A D 2d 1105). Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.

■   ROSE DE CARLO et al., Respondents, v. NEW YORK CITY TRANSIT AUTHORITY et. al., Appellants.— Judgment in favor of plaintiffs in a personal injury negligence action, unanimously affirmed, without costs and without disbursements. There were errors upon the trial, but they were not prejudicial. It is most unlikely that another trial would produce a contrary result (CPLR 2002). Concur — Botein, P. J., Breitel, Eager, Steuer and Staley, JJ.