552

■ WESLEY BOWERS et al., Respondents, v. EDITH JOHNSON, Appellant, et al., Defendants.— In a negligence action, defendant Edith Johnson appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered October 14, 1964 as, upon a jury verdict, was against her and in favor of plaintiff Bowers upon his causes of action for injury to person and property. As to plaintiff Remell Cochran Green, the action was settled and discontinued. Judgment reversed insofar as appealed from, on the law; action by plaintiff Bowers against defendant Edith Johnson severed and new trial granted as between them, with costs to abide the event. Plaintiff. Bowers seeks damages, *inter alia*, for injuries caused to his right shoulder, arm and hand, as the result of the negligent operation of defendant Johnson's automobile in 1961. During Bowers' cross-examination, counsel sought to inquire whether Bowers had ever commenced another action to recover "for this right shoulder injury". The trial record shows that in 1959 Bowers had made a claim, against a party other than appellant, for damages for a right shoulder injury. Upon objection by Bowers' attorney, the examining counsel was precluded by the trial court from eliciting an answer from Bowers. While it is improper to show only that a claimant has had other accidents and thus was negligent in the action at bar, or to show only that he has commenced other actions and thus is litigious and undeserving of belief (*Palmeri* v. *Manhattan Ry. Co.*, 133 N. Y. 261; *Lizzo* v. *O'Connor*, 286 App. Div. 1021; *Grenadier* v. *Surface Transp. Corp. of N. Y.*, 271 App. Div. 460), nevertheless it is open to one charged with having caused an injury to inquire into whether the claimant had sustained, or had claimed to have sustained, the same injury in circumstances unrelated to those at bar. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.