(April 28, 1980)

■ PHILLIP A. BELLINO et al., Respondents, v BELLINO CONSTRUCTION Co., INC., Appellant.—In an action on a series of promissory notes, defendant appeals from a judgment of the Supreme Court, Westchester County, entered June 20, 1979, which, after a nonjury trial, is in favor of plaintiff in the principal amount of $20,000. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Critical to defendant's counterclaims had been the date upon which its work at the Fishkill construction site had ended. Consequently, the exclusion from evidence of a letter by plaintiffs' counsel admitting that defendant had continued its work there through January 18, 1974, constituted reversible error. Admissions by counsel, as by any other agent, are admissible against a party provided that the statements had been made by the attorney while acting in his authorized capacity. (*Burdick v Horowitz,* 56 AD2d 882; *People v Rivera,* 58 AD2d 147, affd 45 NY2d 989.) Counsel's admission at bar was made in a letter sent in an attempt to settle the dispute prior to trial. As settlement negotiations are unquestionably within counsel's authority this statement was properly admissible into evidence, although not necessarily conclusive against plain-

tiffs. (See *People v Rivera,* 45 NY2d 989, *supra.)* That the statement was made during settlement negotiations is immaterial, for while an offer of settlement would be inadmissible, admissions made in the course of such negotiations are not. Consequently, the trial court erred in excluding the letter from evidence and as this bore upon the issue central to the case, reversal is warranted. As this case must now be retried, we further note that an adequate foundation had been laid for the introduction of defendant's Exhibit G, the summary of bills and disbursements kept by the corporation in its regular course of business. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.