■ ANTOINETTE YANNON, Individually and as Executrix of SAMUEL A. YANNON, Deceased, Appellant, v RCA CORPORATION, Formerly Designated and Known as RADIO CORPORATION OF AMERICA, Respondent. — In an action, *inter alia,* to recover damages for wrongful death, plaintiff appeals from an order of the Supreme Court, Richmond County (Goldberg, J.), dated August 23, 1982, which granted defendant's motion to renew its prior motion for summary judgment and, upon renewal and after a hearing, granted defendant's motion for summary judgment and dismissed the complaint. ¶ Order reversed, without costs or disbursements, and matter remitted to Special Term for a new hearing not inconsistent herewith. ¶ We find Special Term committed reversible error in excluding from evidence at the hearing held in this action certain documents sought to be introduced by plaintiff to support her claim that decedent was insane at the time his cause of action accrued in December of 1968 (see CPLR 208; *McCarthy v Volkswagen of Amer.,* 55 NY2d 543). The affidavits of defendant's counsel contained admissions which should have been admitted against defendant at the hearing (*Bellino v Bellino Constr. Co.,* 75 AD2d 630; *Brusca v El Al Israel Airlines,* 75 AD2d 798; Richardson, Evidence [Prince, 10th ed], §§ 253, 214). In addition, the Grathwohl report and the Christen affidavit, both of which were annexed and referred to in the affidavits of defendant's attorney, constituted *adoptive admissions* which were similarly admissible against defendant (*Rudolph v Hancock Mut. Life Ins. Co.,* 251 NY 208; *Cherney v Board of Educ.,* 31 AD2d 764; Richardson, Evidence [Prince, 10th ed], §§ 238, 251). We disagree with defendant's contention that these documents do not constitute admissions since they are not inconsistent with the testimony of defendant's witnesses. The contents of these documents clearly contradict the testimony that decedent was capable of performing his usual work duties prior to and after December, 1968. While admittedly the documents do not refer specifically to decedent's mental condition at that time, this evidence is highly relevant to the key issue to be resolved, that is, whether decedent was unable to protect his legal rights in December of 1968. Finally, these documents are not cumulative of the other evidence presented by plaintiff at the hearing since they include additional information which was not submitted to the trier of fact. In any event, the evidence involved the key fact issue in the case and thus should not have been excluded. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.