■ Marie A. Liberto, Respondent, v Peter Liberto et al., Appellants, et al., Defendants.—In an action to set aside a transfer of stock and for an accounting, the defendants Peter Liberto and Roxboro North Jerusalem Road, Inc., appeal from a judgment of the Supreme Court, Dutchess County (Benson, J.), dated July 13, 1984, which, after a nonjury trial, *inter alia,* set aside the transfer and ordered an accounting.

Presiding Justice Mollen has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed, with costs.

At the nonjury trial of this action, the plaintiff called the defendant Peter Liberto as a witness, and, during direct examination, offered into evidence the transcript of a prior trial in which the defendant Liberto had been involved. Counsel for the plaintiff stated that the transcript was not being offered as a prior inconsistent statement but, rather, as an informal judicial admission. Over objection, the trial court

admitted the transcript into evidence, subject to a motion to strike for failure to establish a connection with the issues in the instant action. Although the appellants did not thereafter move to strike the transcript, they assert on appeal that the trial court's ruling was violative of both the hearsay evidence rule and CPLR 4517 (introduction into evidence of prior testimony of unavailable witness) and constituted reversible error. However, by order dated June 24, 1985, the trial court granted the plaintiff's motion to strike the transcript from the record, stating that the transcript had been found to be irrelevant and had not been considered in rendering a decision in the case. In view of this order, the appellants' claim has been rendered academic. In any case, we note that, contrary to the appellants' contention, an exception to the hearsay rule for informal judicial admissions has been recognized in this State *(see, Fassett v Fassett,* 101 AD2d 604, 605; *Matter of City of New York [Tully & Di Napoli],* 73 AD2d 932, 933; Richardson, Evidence § 217 [Prince 10th ed]), although we need not decide whether the transcript in this case was properly admitted pursuant to that exception to the hearsay rule. We conclude, however, that even if the trial court's ruling was erroneous, it was not prejudicial, and we are not persuaded that "another trial would produce a contrary result" *(De Carlo v New York City Tr. Auth.,* 23 AD2d 549, *affg* 42 Misc 2d 751).

In addition, the trial court's refusal to disqualify the plaintiff's attorney on the ground that he might be called as a witness by the defense *(see,* Code of Professional Responsibility, DR 5-101 [B]) did not constitute an improvident exercise of discretion *(see, Schmidt v Magnetic Head Corp.,* 101 AD2d 268, 277).

We have considered the remaining contentions advanced by the appellants and find them to be without merit. Mollen, P. J., Mangano, Thompson and Bracken, JJ., concur.