■ EARNEST PAYNE, Respondent, v NEW HYDE PARK DODGE et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Held, J.), dated November 16, 1988, which, upon a jury verdict finding the defendant Michael Gennaci 80% at fault in the happening of the accident and the plaintiff 20% at fault in the happening of the accident, and finding that the plaintiff had suffered damages in the amount of $140,000, is in favor of plaintiff and against them in the principal sum of $112,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the defendants are granted a new trial on the issue of the relative degrees of fault of the parties which contributed to the happening of the accident. The finding of fact that the plaintiff sustained total damages of $140,000 is affirmed.

The record reveals that the plaintiff, a pedestrian, was

struck by a vehicle operated by the defendant Michael Gennaci. A chief issue at the trial concerned whether the accident occurred while the plaintiff was on the sidewalk (as the plaintiff claims) or while he was on the adjacent roadway (as the defendants maintain). During the liability phase of the trial, the court refused to permit the defendants to place in evidence the plaintiff's verified bill of particulars, which stated that the plaintiff had been injured as a result of the defendant Gennaci's failure to observe the plaintiff's presence "in the *roadway*" and his failure to keep a lookout "along the *roadway* where the plaintiff was crossing" (emphasis supplied). Under the circumstances of this case, we find that the trial court's exclusion of this relevant evidence constituted reversible error.

Statements made in a verified bill of particulars constitute informal judicial admissions *(see,* Fisch, New York Evidence § 803, at 475 [2d ed]; *Capone v New York City Hous. Auth.,* 29 AD2d 951, *mod on other grounds* 33 AD2d 776), and while they do not conclusively establish the facts which they set forth, they are generally admissible pursuant to an exception to the hearsay rule *(see,* Richardson, Evidence § 217, at 193 [Prince 10th ed]; *see generally, Liberto v Liberto,* 123 AD2d 669). The mere fact that the bill of particulars in this case was drafted and verified by the plaintiff's counsel poses no impediment to its admission at trial, inasmuch as counsel acted in his authorized capacity in preparing and verifying the document *(see, Bellino v Bellino Constr. Co.,* 75 AD2d 630; Richardson, Evidence § 253, at 220 [Prince 10th ed]), and such a verification is expressly authorized by statute *(see,* CPLR 3020 [d] [3]; *Matter of Giambra v Commissioner of Motor Vehicles of State of N. Y.,* 46 NY2d 743).

Accordingly, because the trial court erred in excluding this relevant and admissible evidence, we conclude that reversal and a new trial on the issue of fault is warranted.

We have considered the defendants' remaining contentions, including the claim that the amount of damages found to have been sustained by the plaintiff is excessive, and find them to be without merit. Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.