■ Patricia Hill et al., Appellants, v King Kullen Grocery Co., Inc., Respondent, et al., Defendant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County (O'Shaugnessy, J.), entered December 8, 1989, as, upon a jury verdict, is in favor of the defendant King Kullen Grocery Co., Inc., dismissing the complaint insofar as it is asserted against it.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs contend that statements contained in a bill of particulars which the defendant King Kullen Grocery Co., Inc., served in its third-party action against Abco-Peerless constituted formal judicial admissions of negligence which

estopped it from denying that the defects complained of existed. We disagree. The statements in the bill of particulars merely constituted informal judicial admissions, which are not conclusive but are merely evidence of the fact or facts admitted *(see,* Richardson, Evidence § 217 [Prince 10th ed]).

The trial court did not err in denying the plaintiffs' motion for judgment as a matter of law. The standard for determining whether a motion for judgment as a matter of law should be granted is whether "by no rational process could the trier of fact find for the nonmoving party" *(Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366). A review of the evidence presented at the trial indicates that the plaintiffs failed to satisfy this standard. Nor was the verdict in favor of King Kullen Grocery Co., Inc., against the weight of the credible evidence.

We have reviewed the plaintiffs' remaining contentions and conclude that they are without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.