TAI WING HONG IMPORTERS, INC., et al., Respondents, v KING REALTY CORP. et al., Appellants. [617 NYS2d 793] —In an action for (1) a judgment declaring that paragraph 18 of a lease did not require the plaintiff Tai Wing Hong Importers, Inc., to make mortgage payments in addition to rent payments, and (2) a permanent injunction, the defendants appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated December 16, 1991, which (1) confirmed the report of the Judicial Hearing Officer (DeMatteo, J.H.O.), dated January 2, 1991, which found that the contested portion of paragraph 18 of the lease was void because it was unintentionally included, and (2) granted summary judgment in favor of the plaintiffs.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring void so much of paragraph 18 of the lease as requires the tenant to make mortgage payments.

In October 1987 the plaintiff Tai Wing Hong Importers, Inc. (hereinafter TWHI) as tenant, entered into an agreement with the appellant King Realty Corp. (hereinafter King) for the

rental of warehouse space in the appellant's building in Brooklyn. The first paragraph of the lease provided that the tenant TWHI was required to pay $40,000 per month rent to King. Paragraph 18 of the lease provided that TWHI was required to make mortgage payments to the bank holding the first mortgage covering the premises. The mortgage payments to the bank were approximately $38,000 per month. For a period of 19 months from the date the lease agreement was executed, TWHI made the required rent payments to King, and King made the mortgage payments to the bank.

In April 1989 King claimed that TWHI owed it over $620,000 pursuant to paragraph 18 of the lease for mortgage payments. TWHI responded to the claim of King by stating that the portion of paragraph 18 of the lease which required TWHI to make mortgage payments to the bank was a typographical error and was unintentionally included in the lease.

The plaintiffs commenced this action and moved for a permanent injunction prohibiting the defendants from seeking to recover any payments for principal and interest on the mortgage and for a declaratory judgment, stating that paragraph 18 of the lease did not require the plaintiffs to make mortgage payments. The Supreme Court referred this matter to a Judicial Hearing Officer to hear and report on the factual questions pertaining to the interpretation of the lease. Extensive hearings were held before the Judicial Hearing Officer.

The report and recommendation of a Judicial Hearing Officer should be confirmed if the findings in the report are supported by the record (see, Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705). We find that there was clear and convincing evidence in the record to support the Judicial Hearing Officer's conclusion that the contested portion of paragraph 18 was included in the lease as the result of the mutual mistake of the parties (see, Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219; Surlak v Surlak, 95 AD2d 371, 381). The attorney who represented the defendants at the time the lease was executed admitted that the defendants were responsible for making mortgage payments, and that the defendants did not request that the plaintiffs make mortgage payments to the bank until 19 months after the lease was executed. Admissions by counsel are admissible against a party, provided that the statements were made by the attorney while acting in his capacity (see, Bellino v Bellino Constr. Co., 75 AD2d 630). The defendant Mei Ling Ng also sent a notice to TWHI stating that the rent owed per month was

$40,000. We find that the Supreme Court properly confirmed the report and recommendation of the Judicial Hearing Officer and properly granted summary judgment in favor of the plaintiffs.

We have considered the defendants' remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.