■ GERARD GOMEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [625 NYS2d 646] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Hurowitz, J.), entered March 9, 1993, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, in accordance herewith, with costs to abide the event.

The plaintiff commenced suit against the City of New York, the New York City Police Department, and Police Officers Raymond Martinez and Michael Paul, alleging that he was "pistol whipped" by Officer Martinez when Officer Martinez and Officer Paul entered his apartment in hot pursuit of a fleeing suspect. At trial, the plaintiff testified that Officer Martinez forced his way into his room and struck him in the head with his service revolver before dragging him into the living room. To the contrary, the defense presented the testimony of Officer Paul, who denied that Officer Martinez had struck the plaintiff and stated that Officer Martinez had been too busy subduing the fleeing suspect to have accosted anyone.

The jury found in favor of Officer Martinez and the complaint was dismissed against all of the defendants. We reverse and remit the matter for a new trial.

Statements contained in a bill of particulars constitute informal judicial admissions and are evidence, although not conclusive evidence, of the fact or facts admitted *(see, Hill v King Kullen Grocery Co.,* 181 AD2d 812; *Payne v New Hyde Park Dodge,* 163 AD2d 285). Further, such statements are generally admissible as an exception to the hearsay rule *(see, Payne v New Hyde Park Dodge, supra)*. Here, it was error for the court to have denied the plaintiff's request to read portions of the bill of particulars of the City of New York to the jury wherein it asserted that any injuries the plaintiff suffered were due to his attempts to interfere with and prevent the officers' arrest of the fleeing suspect. Further, because such statements were in contradiction of the defense testimony at trial and could be interpreted to support the plaintiff's theory that he was struck by Martinez, the error was not harmless *(see,* CPLR 2002; *Esner v Janisziewski,* 180 AD2d 991).

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.