■ AWAD IBRAHIM, Appellant, v JOVIN LOMBARDO et al., Respondents. [644 NYS2d 519] —In an action to recover damages, inter alia, for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Clemente, J.), entered March 31, 1995, which, upon a jury verdict in favor of the defendants and against the plaintiff, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff underwent a corneal transplant of his left eye because of degenerative changes in his cornea caused by

advanced keratoconus, a disease of the cornea. Ultimately, he suffered graft rejection and now has constant pain and darkness in the eye, which may be resolved by another transplant. The plaintiff asserted a cause of action for lack of informed consent (*see,* Public Health Law § 2805-d) against Jovin Lombardo, the defendant surgeon, alleging that had Lombardo properly informed him of the alternatives to, and risks of, the surgery, he would not have consented to the procedure. The jury found that Lombardo "provide[d] appropriate information" to the plaintiff prior to obtaining his consent.

On appeal, the plaintiff maintains that the jury verdict is against the weight of the evidence inasmuch as Lombardo informed him only of the likelihood of success of the surgery, without advising him of the many risks inherent in the procedure, as well as the various alternatives available to him. We disagree. While the plaintiff adduced expert testimony in support of his claim that the information provided to him was qualitatively insufficient, Lombardo elicited expert testimony that the information he provided was appropriate. This conflicting testimony simply presented a question of fact for the jurors, whose verdict was based on a fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Dooley v Skodnek,* 138 AD2d 102; *Nicastro v Park,* 113 AD2d 129).

Finally, on this record, we find no support for the plaintiff's bare claim that he was deprived of a fair trial because of the inadequacy of the interpretation of his testimony by a court interpreter who was not sufficiently familiar with his dialect of Arabic. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.