■ Livio DiCamillo et al., Respondents, v City of New York, Appellant. [665 NYS2d 97] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Queens County (Rutledge, J., at trial on liability; Lisa, J., at trial on damages), dated August 14, 1996, which, upon a jury verdict finding the defendant 60% at fault in the happening of the accident and the plaintiff Livio DiCamillo 40% at fault in the happening of the accident, and upon an order of the same court (Lisa, J.), dated June 11, 1996, granting a new trial unless the plaintiffs stipulated to decrease the award for past pain and suffering from $1,000,000 to $500,000, the award for future pain and suffering from $1,500,000 to $1,000,000, and the award for future loss of services from $50,000 to $10,000, while not disturbing the award of $33,700 for future medical expenses, is in favor of the plaintiff and against the defendants in the principal sum of $926,220 ($1,543,700 reduced by 40%).

Ordered that the judgment is reversed, on the law, the order dated June 11, 1996, is vacated, and a new trial is granted on

the issues of both liability and damages, with costs to abide the event.

At the trial on the issue of liability in this slip and fall case, the City of New York attempted to introduce into evidence a letter which the plaintiffs' attorney had sent to the Big Apple Pothole Corporation prior to commencement of the lawsuit. In that letter, the plaintiffs' attorney asked that a search be conducted to determine if any notices of defective conditions existed in connection with the injured plaintiff's accident, which was described as being at a location other than the location where the injured plaintiff alleged he had fallen in his complaint and at trial. The letter was crucial to the City's defense, because the City had no notice of a defect at the location of the injured plaintiff's accident as recited in the letter. The City did, however, have notice of a defect at the location where the injured plaintiff alleged at trial that he had fallen. Thus, there must be a new trial because the trial court erred in excluding this evidence which was relevant to a key issue in the case (*see, Yannon v RCA Corp.,* 100 AD2d 966).

The statement in the letter from the plaintiffs' attorney concerning the location of the accident was inconsistent with the injured plaintiff's trial testimony, and was an admission by the plaintiffs' agent receivable against the plaintiffs for the truth of the matter asserted therein (*see generally,* Prince, Richardson on Evidence §§ 8-201, 8-208 [Farrell 11th ed]). "Admissions by counsel, as by any other agent, are admissible against a party provided that the statements had been made by the attorney while acting in his authorized capacity" (*Bellino v Bellino Constr. Co.,* 75 AD2d 630; *see also, Tai Wing Hong Importers v King Realty Corp.,* 208 AD2d 710, 711). Inasmuch as there is no basis for questioning the authority of the plaintiffs' attorney to make a representation as to the location of the injured plaintiff's accident in a letter to the Big Apple Pothole Corporation, the letter should have been admitted into evidence for the jury's consideration, together with all of the other evidence (*see, Gangi v Fradus,* 227 NY 452; *Skelka v Metropolitan Tr. Auth.,* 76 AD2d 492). Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.