■ DHANKUMARIE SOMIR et al., Appellants, v STEVEN WEISS et al., Respondents. [705 NYS2d 648] —In an action to recover damages for dental malpractice and lack of informed consent, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Schmidt, J.), entered January 26, 1999, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Dhankumarie Somir (hereinafter the plaintiff) consulted with the defendants who advised her that she needed several wisdom teeth extracted. The defendant Steven Weiss (hereinafter the defendant) testified that he explained the risks of the procedure to the plaintiff before performing the extraction, and the plaintiff testified that she consented to the procedure. After the procedure was performed, the plaintiff continued to complain of numbness in the side of her mouth. Along with her husband, she commenced this action, alleging, *inter alia*, lack of informed consent for the procedure.

At trial, the plaintiff testified that when she first consulted with the defendants she was not in any pain and she merely wished to obtain a cleaning. The defendants thereupon offered into evidence the plaintiffs' verified complaint and bill of particulars, in which plaintiff stated that she "was suffering from ailments of the teeth, involving the upper right and lower right third molars, which caused her to consult" the defendants. Admission of those statements was not error, since they were inconsistent with her trial testimony and may be admitted to impeach her credibility (*see, DiCamillo v City of New York,* 245 AD2d 332; Prince, Richardson on Evidence § 8-205 [Farrell 11th ed]). Similar statements in the bill of particulars are also admissible as informal judicial admissions (*see, Gomez v City of New York,* 215 AD2d 353; Prince, Richardson on Evidence § 8-219 [Farrell 11th ed]).

The plaintiffs' contention that the jury verdict in favor of the defendants was against the weight of the evidence is without merit (*see, Dooley v Skodnek,* 138 AD2d 102; *Nicastro v Park,* 113 AD2d 129). The issue of whether the defendant provided the plaintiff with sufficient information to obtain an informed consent for the extraction was a matter for the jury to determine (*see, Ibrahim v Lombardo,* 229 AD2d 423). There was sufficient evidence to support the jury's finding that the defendant adequately apprised the plaintiff of the risks and

alternatives to surgery so as to obtain an informed consent (*see, Ibrahim v Lombardo, supra*). O'Brien, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.