■ SARITA OCAMPO, Respondent, v ANGEL L. PAGAN et al., Appellants. [892 NYS2d 452]—

This matter arose out of a rear-end collision, as to which the defendants conceded liability. The defendants contend that, as a result of several improper evidentiary rulings, as well as the trial justice's injection of himself into the proceedings on behalf of the plaintiff, they were deprived of a fair trial on the issue of damages. We agree.

The court improvidently exercised its discretion in precluding the testimony of the defendants' expert witness in the area of radiology. "CPLR 3101 (d) (1) (i) does not require a party to respond to a demand for expert witness information 'at any specific time, nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute,' unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (Hernandez-Vega v Zwanger-Pesiri Radiology Group, 39 AD3d 710, 710-711 [2007], quoting Aversa v Taubes, 194 AD2d 580, 582 [1993]; see Rowan v Cross County Ski & Skate, Inc., 42 AD3d 563, 564 [2007]).

While a trial court "has the discretion to preclude expert testimony for the failure to reasonably comply with the statute"

(*Lucian v Schwartz*, 55 AD3d 687, 688 [2008]), there was no finding here of failure to comply, reasonably or otherwise, with the statute. This is not a situation in which the defendants failed to demonstrate good cause for failing to disclose expert information regarding expert witnesses until the eve of trial (*cf. Martin v NYRAC, Inc.*, 258 AD2d 443 [1999]). Rather, the defendants produced an affidavit of service showing that the required notice pursuant to CPLR 3101 (d) was timely served (*see* CPLR 2103 [b] [2]). The court here merely found that the plaintiff's explanation raised a question of fact as to whether the plaintiff had actually received the notice, specifically declining to place blame on either party for the "totality of . . . circumstances" underlying the claim of the plaintiff's counsel that he was unaware of the existence of the first expert witness disclosure until right before the start of the trial. Where there is no evidence of intentional or willful failure to disclose, "any potential prejudice to the plaintiffs [may be] eliminated by an adjournment of the trial" (*Rowan v Cross County Ski & Skate, Inc.*, 42 AD3d at 564; *see Shopsin v Siben & Siben*, 289 AD2d 220, 221 [2001]). By precluding the expert's testimony to avoid prejudicing the plaintiff, instead of simply adjourning the trial to avoid prejudice to either party, the court, in effect, penalized the defendants, although there was no evidence of wrongdoing on their part (*see Rowan v Cross County Ski & Skate, Inc.*, 42 AD3d at 564; *Shopsin v Siben & Siben*, 289 AD2d at 221). Contrary to the plaintiff's contention, the error was not harmless.

Moreover, the Supreme Court improvidently exercised its discretion in limiting the scope of the defendants' cross-examination of the plaintiff by precluding the use of pleadings, bills of particulars, and sworn testimony given at a hearing pursuant to General Municipal Law § 50-h in subsequent lawsuits, and in precluding the introduction such documents into evidence.

Statements contained in a verified complaint, or " 'made by a party as a witness, or contained in a deposition, a bill of particulars, or an affidavit' " constitute informal judicial admissions (*Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996], quoting Prince, Richardson on Evidence § 8-219, at 529 [Farrell 11th ed]; *see Gomez v City of New York*, 215 AD2d 353, 354 [1995]). As such, "they are generally admissible pursuant to an exception to the hearsay rule" (*Payne v New Hyde Park Dodge*, 163 AD2d 285, 286 [1990]). While not conclusive, they are "evidence of the fact or facts admitted" (Prince, Richardson on Evidence § 8-219, at 530 [Farrell 11th ed]; *see Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d at 103; *Gomez v City of*

*New York,* 215 AD2d at 354; *Payne v New Hyde Park Dodge,* 163 AD2d at 286). Where statements in the pleadings or the bill of particulars, or in depositions or hearings from other judicial proceedings are inconsistent with the trial testimony of a witness, they are also admissible to impeach the credibility of that witness (*see Somir v Weiss,* 271 AD2d 433 [2000]). Here, cross-examination testimony of the plaintiff regarding allegations in her pleadings and bill of particulars from a subsequent action arising out of a trip and fall, and parts of her testimony, given at a hearing pursuant to General Municipal Law § 50-h in connection with a subsequent medical malpractice action, were admissible on the issue of the truth of the facts stated, both as prior inconsistent statements impeaching the plaintiff's credibility, and as informal judicial admissions. While prior accidents or lawsuits may not be explored where the purpose is to "induce the inference of negligence or demonstrate that the plaintiff is litigious and therefore unworthy of belief" (*Molinari v Conforti & Eisele,* 54 AD2d 1113, 1114 [1976]), "it is open to one charged with having caused an injury to inquire into whether the claimant had sustained, or had claimed to have sustained, the same injury in circumstances unrelated to those at bar" (*Bowers v Johnson,* 26 AD2d 552 [1966]).

The trial court's conduct, including, inter alia, its excessive intervention into the trial proceedings, warrants remittal to the Supreme Court for a new trial before a different Justice (*see Pickering v Lehrer, McGovern, Bovis, Inc.,* 25 AD3d 677, 679 [2006]; *see also Schaffer v Kurpis,* 177 AD2d 379 [1991]; *Testa v Federated Dept. Stores, Abraham & Straus Div.,* 118 AD2d 696, 697 [1986]).

The defendants' remaining contention has been rendered academic in light of our determination. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.