■ Louis A. Wenger, Appellant, v DMR Realty Management, Inc., et al., Respondents. [934 NYS2d 221]—

On September 15, 2000, the plaintiff, as president of L.A. Wenger Contracting Co., Inc. (hereinafter L.A. Wenger), entered into a contract to sell two condominium apartments (hereinafter the Sunset Properties) located on Fire Island to the defendant DMR Realty Management, Inc. (hereinafter DMR Realty), for the sum of $146,000. A deed conveying title to the Sunset Properties to DMR Realty was executed by the plaintiff, as president of L.A. Wenger, on October 5, 2000.

The plaintiff commenced this action against DMR Realty, and its officers, the defendants Diana Rocca and Joseph Speranza, inter alia, to recover damages for breach of contract and to impose a constructive trust on the Sunset Properties. In his amended complaint, the plaintiff alleged that, in September 2000, he borrowed the sum of $149,800 from Rocca and Speranza, whom he had known for over 33 years and with whom he shared a confidential relationship. He contended that Rocca and Speranza demanded that L.A. Wenger convey title to the Sunset Properties, which then had a fair market value of more than $700,000, to DMR Realty as collateral for the loan. He further alleged that the parties orally agreed that title to the Sunset Properties would be conveyed back to him once the loan was repaid. However, the terms of their agreement did not

provide a date by which the loan was to be repaid. In addition, the amended complaint alleged that the parties orally agreed to form a partnership during the pendency of the loan whereby the defendants managed the rental of the Sunset Properties since the plaintiff contributed the properties and the parties would share equally in the profits and losses.

The plaintiff claimed that he offered to repay the loan amount to the defendants, even though the rent collected on the Sunset Properties was in excess of the amount of the loan, so that title to the Sunset Properties would be returned to him, but the defendants refused to accede.

The Supreme Court, inter alia, granted the defendants' cross motion for summary judgment dismissing the amended complaint, and the plaintiff appeals from that portion of the order. We affirm the order insofar as appealed from.

In support of their cross motion, the defendants submitted the contract of sale, the recorded deed, proof of payment of the real estate transfer taxes, and a copy of the plaintiff's real estate attorney's "Title Closing Statement," summarizing the terms of the sale. In addition, the defendants provided a copy of an affidavit, sworn to by the plaintiff on July 13, 2001 (hereinafter the 2001 affidavit), which was submitted in connection with an unrelated action, stating that the Sunset Properties had been sold in an arm's length transaction for fair and proper consideration to DMR Realty.

The plaintiff correctly contends that, in awarding summary judgment, the Supreme Court improperly applied the doctrine of judicial estoppel with respect to statements he made in the 2001 affidavit. "Judicial estoppel, or the doctrine of inconsistent positions, precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (*Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436 [1995]). Here, the doctrine of judicial estoppel does not apply since the prior action settled before the Supreme Court considered the position taken by the plaintiff in the 2001 affidavit (*see Matter of Stewart v Chautauqua County Bd. of Elections*, 14 NY3d 139, 150 [2010]; *Rosario v Montalvo & Son Auto Repair Ctr., Ltd.*, 76 AD3d 963, 964 [2010]).

However, the statements made by the plaintiff in the 2001 affidavit constitute an informal judicial admission (*see Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996]; *Ocampo v Pagan*, 68 AD3d 1077, 1078 [2009]). While such statements are not conclusive, they are evidence of the fact or facts admit-

ted (*see Ocampo v Pagan*, 68 AD3d at 1079). Thus, through the documentary evidence and the plaintiff's prior statements in the 2001 affidavit, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the amended complaint. Florio, J.P., Hall, Austin and Cohen, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32545(U).]**