Wiski v Verizon N.Y., Inc. (2020 NY Slip Op 05089)





Wiski v Verizon N.Y., Inc.


2020 NY Slip Op 05089


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-04081
 (Index No. 503037/12)

[*1]Wieslaw Wiski, et al., appellants,
v
Verizon New York, Inc., et al., respondents (and a third-party action).


Lurie, Ilchert, MacDonnell & Ryan LLP, New York, NY (George W. Ilchert of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated September 7, 2017. The order, insofar as appealed from, denied the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by the plaintiff Wieslaw Wiski (hereinafter the injured plaintiff) when he fell from a scaffold at premises owned by the defendant Intergate Manhattan, LLC, while performing asbestos abatement work for his employer pursuant to its contract with the defendant Sabey IGM Construction, LLC. The plaintiffs alleged, among other things, a violation of Labor Law § 240(1). The injured plaintiff testified at his deposition that, while he was removing ducting from the ceiling, a section of the ducting bent downward and struck the scaffold, causing him to fall. The injured plaintiff testified that he had also been provided with a hoist to use for securing and gradually lowering the ducting segments, but was not using it at the time of the accident. The plaintiffs cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and the Supreme Court denied the cross motion.
"To prevail on a motion for summary judgment in a Labor Law § 240(1) 'falling object' case, the plaintiff must demonstrate that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (Romero v 2200 N. Steel, LLC, 148 AD3d 1066, 1067; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663; Outar v City of New York, 5 NY3d 731, 732). Labor Law § 240(1) "does not automatically apply simply because an object fell and injured a worker; '[a] plaintiff must show that the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute'" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663, quoting Narducci v Manhasset Bay Assoc., 96 NY2d [*2]259, 268).
Here, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law. The injured plaintiff's own deposition testimony raised a triable issue of fact as to whether the subject ducting, which was light enough to be held up by the injured plaintiff's hands after being cut but before being attached to the hoist to be lowered to the floor, posed an elevation-related risk that required securing for the purposes of the undertaking. In any event, the injured plaintiff was provided with an enumerated safety device, the hoist, which he declined to use to secure the subject ducting prior to cutting it. The injured plaintiff was also provided with a scaffold, and the plaintiffs failed to show by evidence in admissible form that it was inadequate (see Soto v CBS Corp., 157 AD3d 740, 741; Onewest Bank, FSB v Michel, 143 AD3d 869, 871; Del Vecchio v Danielle Assoc., LLC, 94 AD3d 941, 942; Cleland v 60-02 Woodside Corp., 221 AD2d 307, 308; Payne v New Hyde Park Dodge, 163 AD2d 285, 286; see also Yanovskiy v Tim's Diagnostic's Auto Center, 170 AD3d 1089, 1090).
As the plaintiffs failed to meet their prima facie burden, we agree with the Supreme Court's determination denying their cross motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court