U.S. Bank, N.A. v Mandracchia (2020 NY Slip Op 07118)





U.S. Bank, N.A. v Mandracchia


2020 NY Slip Op 07118


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-07207
 (Index No. 68676/14)

[*1]U.S. Bank, National Association, etc., respondent,
v
John Mandracchia, etc., et al., defendants, Bettina Mandracchia, etc., appellant.


Jasbrinder Sahni, White Plains, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Riyaz G. Bhimani of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bettina Mandracchia appeals from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated April 25, 2018. The judgment of foreclosure and sale, upon an order of the same court dated December 20, 2016, in effect, granting those branches of the plaintiff's first renewed motion which were for summary judgment dismissing the affirmative defenses of the defendant Bettina Mandracchia that her interest in the subject property was not subject to the mortgage and that the action was time-barred, and an order of the same court dated June 14, 2017, inter alia, granting those branches of the plaintiff's second renewed motion which were for summary judgment on the complaint insofar as asserted against Bettina Mandracchia and for an order of reference, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the plaintiff's first renewed motion which was for summary judgment dismissing the affirmative defense of the defendant Bettina Mandracchia that her interest in the subject property was not subject to the mortgage is denied, those branches of the plaintiff's second renewed motion which were for summary judgment on the complaint insofar as asserted against Bettina Mandracchia and for an order of reference are denied, and the orders dated December 20, 2016, and June 14, 2017, are modified accordingly.
The defendants John Mandracchia and Bettina Mandracchia, a married couple, have been co-owners of real property located in New Rochelle (hereinafter the subject property) since 2000. On July 21, 2006, John executed a note in the amount of $554,000 in favor of First Franklin, a Division of National City Bank of IN. A mortgage secured by the subject property described both John and Bettina as "Borrower[s]," but Bettina executed the mortgage as a "Non-Borrower," indicating that she was "[s]igning for the purpose of waiving any and all Homestead Rights and/or any and all dower or curtesy rights."
After the note and mortgage were transferred to the plaintiff, the plaintiff accelerated the mortgage debt by commencing a foreclosure action on September 21, 2007 (hereinafter the prior action), after John defaulted on the monthly payments in April 2007. John signed a forbearance [*2]agreement dated April 29, 2009, in which he admitted the default and agreed to make payments. The parties in the prior action, including Bettina, entered into a stipulation dated May 11, 2009, which indicated that the plaintiff would "withdraw the action at the end of the term of the forbearance Agreement." It is undisputed that John made the required payments. In an order dated July 12, 2012, the Supreme Court granted dismissal of the prior action without prejudice.
In October 2014, the plaintiff commenced this action to foreclose the mortgage. John defaulted in appearing or answering, but Bettina filed an answer raising affirmative defenses, inter alia, that her interest in the subject property was not subject to the mortgage and the action was time-barred.
In 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Bettina and for an order of reference. Bettina cross-moved, inter alia, to dismiss the complaint insofar as asserted against her. In an order dated March 1, 2016, the Supreme Court denied the motion and the cross motion without prejudice and directed the parties to address whether the statute of limitations had expired and whether Bettina was obligated on the mortgage, having signed as a non-borrower "for the purpose of waiving any and all Homestead Rights and/or any and all dower or curtesy rights."
The plaintiff then renewed its motion, inter alia, for summary judgment on the complaint insofar as asserted against Bettina and for an order of reference. In an order dated December 20, 2016, the Supreme Court, in effect, granted those branches of the plaintiff's renewed motion which were for summary judgment dismissing Bettina's affirmative defenses that her share of the property was not subject to the mortgage and that the action was time-barred, on the ground that Bettina failed to prove those affirmative defenses. Thereafter, the plaintiff once again renewed its motion, inter alia, for summary judgment on the complaint insofar as asserted against Bettina and for an order of reference. In an order dated June 14, 2017, the court granted the plaintiff's second renewed motion. On April 25, 2018, the court issued a judgment of foreclosure and sale. Bettina appeals from the judgement of foreclosure and sale.
In support of its first renewed motion, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law dismissing Bettina's affirmative defense that her interest in the subject property was not subject to the mortgage. Under the totality of the circumstances, the plaintiff, inter alia, did not establish that Bettina's interest in the property was subject to the mortgage based upon her signature (see generally Wenger v DMR Realty Mgt., Inc., 90 AD3d 647).
On the statute of limitations issue, the mortgage debt was accelerated in 2007, which started the statute of limitations running on the entire debt. However, in 2009, John acknowledged the debt and made payments, which, under the circumstances of this case, extended the statute of limitations. "'General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt'" (Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947, quoting Lynford v Willams, 34 AD3d 761, 762; cf. Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054). Since the instant mortgage foreclosure action was commenced within six years of the acknowledgment, it is not time-barred.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's first renewed motion which was for summary judgment dismissing Bettina's affirmative defense that her interest in the subject property was not subject to the mortgage and those branches of the plaintiff's second renewed motion which were for summary judgment on the complaint insofar as asserted against Bettina and for an order of reference.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court