M.M. v Weissler (2024 NY Slip Op 50373(U))

[*1]

M.M. v Weissler

2024 NY Slip Op 50373(U)

Decided on April 5, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 5, 2024
Supreme Court, Westchester County

M.M., an infant by her mother and natural guardian E.M., and E.M. Individually, Plaintiff,

against
Karen Weissler, M.D., ADONIA DENNIS, M.D., WHITE PLAINS HOSPITAL MEDICAL CENTER, BOSTON CHILDRENS HEALTH PHYSICIANS, LLC, and NATASHA BAMJI, M.D., Defendants.

Index No. 59862/2019

Attorney for Plaintiffs: Victoria Wickman, Esq.
Law Office of Victoria Wickman
40 Exchange Place, Suite 500
New York, New York 10005
(212) 374-9161
Attorney for Defendants Boston Children's Health Physicians, LLP:
Christopher Terzian, Esq. Martin Clearwater & Bell, LLP
245 Main Street, Suite 501
White Plains, New York 10601
914 328 2969 
Attorney for Defendant Natasha Bamji, M.D.:
Lawrence W. Rosenblatt, Esq.
Aaronson Rappaport Feinstein & Deutsch, LLP
600 Third Avenue
New York, NY 10016
212 593-3532 

William J. Giacomo, J.

Defendants Boston Children's Health Physicians, LLP and Natasha Bamji, M.D. move in limine for an order, claiming that pursuant to the doctrine of informal judicial admissions, three submissions, as explained below, are admissible in evidence. In brief, plaintiff commenced this action by filing a summons and complaint on June 28, 2019. Plaintiff asserts medical malpractice claims arising out of the medical treatment of the infant plaintiff from her birth in early July 2018 through December 18, 2018. Plaintiff claims that defendants failed to timely and properly diagnose the infant with anal stenosis and a rectovaginal fistula during the subject time frame.
Defendants Adonia Dennis, M.D. and White Plains Hospital Medical Center mediated with plaintiff and ultimately agreed to settle the infant's cause of action for personal injuries on behalf of those defendants only. On November 2, 2023, plaintiff made an application for an Order compromising the settlement of the action pursuant to CPLR 1207. In support of the application, plaintiff's counsel submitted an affirmation and plaintiff submitted an affidavit. Defendants now make application to allow portions of the attorney affirmation and plaintiff's affidavit submitted in support of the Infant Compromise, into evidence as informal judicial admissions. 
The attorney affirmation stated that right after birth, the infant plaintiff "was noted not to be defecating appropriately . . . ." Dr. Dennis, the hospital pediatrician, "did nothing to further investigate this." As pertinent here, the attorney continues, "[a]fter discharge, the infant was followed by her pediatrician's office, the defendant, Boston Children's Health Physicians, LLP, also known as Westchester Park Pediatrics and then a pediatric gastroenterologist secondary to the infant regurgitating constantly." NYSCEF Doc. No. 199, Attorney Affirmation of Victoria Wickman, ¶ 5. 
Defendants have advised the Court they seek to admit this portion of the attorney affirmation as an informal judicial admission to demonstrate that the sole purpose of the September 26, 2028 visit to Dr. Bamji, defendant and gastroenterology specialist, was for spitting up. As a result, defendants allege that the visit was GI-related, and not as a result of complaints of constipation. In opposition, plaintiff argues that statements made in compromise proceedings and during settlement proceedings are not admissions. Moreover, the statement provided by the attorney regarding the reason for the visit is not equivalent to stating that the only reason for the visit was spitting up. Plaintiff alleges that she is not precluded from testifying, as she has previously done, that she brought the infant to the specialist due to concerns of both constipation and spitting up.
In further support of the infant compromise order, the attorney stated in the affirmation that "[a]ll medical bills for the infant have been paid by her parent's private health insurance United Healthcare. There are no outstanding liens or claims against this case." Id., ¶ 15. Plaintiff's affidavit in support of the infant compromise order date November 2, 2023, similarly states, "[a]ll medical bills for our daughter have been paid by our private health insurance . . . . [*2]there are no outstanding liens against this claim." NYSCEF Doc. No. 198, Affidavit of E.M., ¶ 21. 
Defendants claim that this portion of the attorney affirmation, in tandem with the plaintiff's own affidavit, demonstrate that there are no past medical expenses, liens or out-of-pocket expenses which plaintiff is responsible for. In opposition, plaintiff argues that a lack of a medical lien does not mean that the parents have not incurred past out-of-pocket expenses due to medical equipment, supplies, day care, among other things. 
The attorney affirmation also reads that a request for upfront cash in the amount of $108,349.85 is made to be used to assist the parents in paying for the medical care that the infant currently needs and is anticipated to need going forward for the next 12 years and 9 months until she turns 18. The affirmation continues as follows: "[t]he infant plaintiff still requires the following monthly items: i. Diaper cream: $12; ii. Panty liners: $11; iii. Nighttime pull-ups: $30; iv. Johnson & Johnson baby shampoo (for enema): $18; v. Baby wipes: $8; vi. New underwear: $22; vii. Weewee pads $10; viii. MiraLAX $30; ix. Mylicon: $6; x. Glycerin: $3; xi. Pelvic floor therapy: $600; xii. Annual trips to see colorectal surgeon Dr. Dickie: $1200 Total monthly cost today is $850.00." Attorney Affirmation, ¶ 19(c). Plaintiff also submits the same itemized monthly list in her affidavit. The record indicates that plaintiff's life care plan report dated October 27, 2023 included, as relevant here, future costs for surgical or invasive procedures. 
Defendants seek to admit this portion of the attorney affirmation in support of the position that future surgeries are not required within the future medical expenses for the infant-plaintiff's medical condition. Plaintiff moved to settle the infant compromise order on November 2, 2023 but did not incorporate the need for future surgeries in the life care plan report. Defendants also argue that the same required items of care and their costs as set forth in the infant compromise order, should be omitted from the life care report at trial, as this would allow for double recovery. 
In opposition, plaintiff argues that, while plaintiff's insurance would hopefully pay for future surgeries, it is uncertain whether plaintiff will have medical insurance. In addition, plaintiff argues that plaintiff is entitled to collect for future medical costs and that collateral source hearings are held post-trial. DISCUSSION
"Statements contained in a verified complaint, or made by a party as a witness, or contained in a deposition, a bill of particulars, or an affidavit constitute informal judicial admissions. As such, they are generally admissible pursuant to an exception to the hearsay rule. While not conclusive, they are evidence of the fact or facts admitted." Ocampo v Pagan, 68 AD3d 1077, 1078 (2d Dept 2009) (internal quotation marks and citations omitted). Further, where statements "from other judicial proceedings are inconsistent with trial testimony of a witness, they are also admissible to impeach the credibility of that witness." Id. The Court of Appeals has specifically held that admissions made by counsel on behalf of the party and contained in affidavits or briefs may be admissible against the party as informal judicial admissions. Michigan Natl Bank-Oakland v American Centennial Ins. Co., 89 NY2d 94, 103 (1996). See also Hon. William J. Giacomo. Admissions: What They Are and How They Can Impact Litigation. 32 Pace L. Rev. 436, 445 (2012) (Statements made in an attorney's brief filed with a summary judgment motion "deemed an [informal] admission made by a representative of a party").
In light of the existing case law, the statements made in the attorney affirmation and the [*3]plaintiff's affidavit in support of the infant compromise order constitute informal judicial admissions. In their brief, defendants argue that they should be permitted to read the excerpts of the attorney affirmation into evidence that tend to support defendants' position on all three issues. However, informal judicial admissions are admissible only if they are inconsistent with a trial testimony of a witness. Accordingly, if plaintiff or the life care planner testifies to something contrary than what has been stated in the subject attorney affirmation or plaintiff's affidavit, defendants may seek to admit the specific portions of the attorney affirmation or plaintiff's affidavit, as informal judicial admissions. Plaintiff will then be able to respond to the contents of the admissions, as "they are not conclusive . . . ." Michigan Natl Bank-Oakland v American Centennial Ins. Co., 89 NY2d at 103. Unlike formal admissions, which are "binding," informal admissions are "rebuttable" and "are subject to contradiction or explanation." Hon. William J. Giacomo. Admissions: What They Are and How They Can Impact Litigation. at 441-442.
Pursuant to CPLR 4533-b: "In an action for personal injury, injury to property or for wrongful death, and proof as to payment by or settlement with another joint tort-feasor, or one claimed to be a joint tort-feasor, offered by a defendant in mitigation of damages, shall be taken out of the hearing of the jury. The court shall deduct the proper amount, as determined pursuant to section 15-108 of the general obligations law, from the award made by the jury." Accordingly, plaintiff is not precluded from seeking the same future medical costs already accounted for in the infant compromise order, as potential collateral source hearings will take place post-trial. 
Finally, the defendants have been given clear instructions from this Court on the record that if and when the portions of the attorney affirmation or plaintiff's affidavit are read into the record, the jury should only be advised that these were statements made in connection with the litigation. At no time should the jury be informed that plaintiff and other defendants reached a settlement. See e.g. Pellegrino v New York City Transit Authority, 177 AD2d 554, 558 (2d Dept 1991) (internal citations omitted) ("Nor should the TA's settlement with Pellegrino have been paraded before the jury. Such information could only have suggested to the jury that the TA was the sole culpable party. Furthermore, to the extent that jury speculation would discourage defendants from settling with injured plaintiffs and seeking contribution or indemnification from other defendants thereafter, the disclosure of such matters to the jury would contravene the policy of the State"). 
Accordingly, it is hereby
ORDERED that defendants' application in limine is granted as set forth in the decision.
The above constitutes the Decision and Order of this Court.
White Plains, New York
Dated: April 5, 2024
HON. WILLIAM J. GIACOMO, J.S.C.